■ PATRICK McHUGH, an Infant, by LAURA KURTZ, His Mother and Guardian, et al., Appellants, v PATRICIA FITZGERALD, Respondent, et al., Defendant. [719 NYS2d 785] —Crew III, J. Appeal from an order of the Supreme Court (Coutant, J.), entered December 1, 1999 in Broome County, which granted defendant Patricia Fitzgerald's motion for an order of preclusion.

Plaintiffs retained the law firm of Finkelstein, Levine, Gittelsohn & Partners to represent them with regard to a dog bite sustained by plaintiff Patrick McHugh. The law firm wrote a letter to defendant Patricia Fitzgerald (hereinafter defendant), the homeowner upon whose premises the dog bite occurred, asking to hear from her insurance carrier, State Farm Insurance Company. A State Farm representative contacted the law

firm seeking medical information. Thereafter, the law firm commenced the instant action by service of a summons and complaint on March 2, 1999. The next day, an investigator for the law firm contacted defendant at her house and obtained an affidavit, wherein defendant averred that the dog in question had bitten another person prior to the incident giving rise to this lawsuit. It is undisputed that at the time that the affidavit was obtained, defendant was not represented by counsel. Thereafter, State Farm retained counsel on behalf of defendant who moved, pursuant to CPLR 3103, to preclude plaintiffs from deposing defendant with regard to any of the facts contained in the affidavit or from using said affidavit as evidence at trial. Supreme Court granted defendant's motion and this appeal ensued. The apparent basis for Supreme Court's decision is that the affidavit was taken in violation of the Code of Professional Responsibility DR 7-104 (a) (1) (22 NYCRR 1200.35 [a] [1]).*

We reverse. The disciplinary rule involved provides that "[d]uring the course of the representation of a client a lawyer shall not * * * [c]ommunicate or cause another to communicate * * * with a party the lawyer knows to be represented by a lawyer in that matter unless the lawyer has the prior consent of the lawyer representing such other party" (DR 7-104 [a] [1] [22 NYCRR 1200.35 (a) (1)]). Contrary to defendant's assertion, commencement of the litigation is not the criteria for determining whether communication with an adverse party is in derogation of the cited rule. Indeed, it has been held, and we agree, that a lawyer can act in violation of the rule even where litigation had not yet commenced (see, United States v Hammad, 858 F2d 834, cert denied 498 US 871; Meachum v Outdoor World Corp., 171 Misc 2d 354). Nor do we accept defendant's contention that the rule is operative inasmuch as the law firm knew that defendant was insured and should have anticipated that the insurance carrier would provide her with legal representation at some point in time. The rule quite plainly proscribes communication when the lawyer knows the party to be represented by a lawyer in the matter. Here, there is no question that defendant was not represented at the time she was interviewed and per force of fact the law firm could not be in violation of the rule.

We are not unaware of the New York State Bar Association's opinion concluding that in order to prevent "willful ignorance"

---

* Supreme Court did not issue a written decision. The affidavit submitted in support of the motion, however, requests preclusion by reason of a violation of the Disciplinary Rules of the Code of Professional Responsibility.

of a party's representation by counsel, attorneys who communicate directly with an adverse party in situations where such party may be represented are advised to inform such party that, if represented by counsel, they should consult with their attorney (*see*, 1993 Opns NY State Bar Assn Comm on Professional Ethics 607). We note, however, that even utilizing such an objective criteria, i.e., the attorney knew or should have reasonably known of the adverse representation, a violation of the rule will, nonetheless, only occur where the party was in fact represented at the time of the communication.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.